IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In re                                                     No. 3:16-cv-02346-HZ

Data Systems, Inc.,

                Debtor,                          Chapter 11
                                                           No. 16-30477-rld11

WILLIAM F. HOLDNER,

           Plaintiff-Appellant,                   OPINION & ORDER

    v.

AMY E. MITCHELL, Trustee,

        Defendant-Appellee.


William F. Holdner
975 S.E. Sandy Boulevard
Portland, Oregon 97214

      Plaintiff-Appellant Pro Se

/ / /


1 - OPINION & ORDER

Justin D. Leonard
Timothy A. Solomon
LEONARD LAW GROUP, LLC
1 S.W. Columbia, Suite 1010
Portland, Oregon 97258

      Attorney for Defendant-Appellee

Sandra S. Gustitus
Brian D. Chenoweth
CHENOWETH LAW GROUP, PC
510 S.W. Fifth Avenue, Fifth Floor
Portland, Oregon 97204

Shawn P. Ryan
Gus J. Solomon U.S. Courthouse
620 S.W. Main Street, Suite 612
Portland, Oregon 97205

      Attorneys for Interested Party Richard Kreitzberg

HERNANDEZ, District Judge:

On February 11, 2016, debtor Data Systems, Inc., filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Act. On December 7, 2016, the Bankuptcy Court entered an Order confirming the First Amended Plan of Organization proposed by Defendant-Appellee Amy Mitchell, who is the duly-appointed Chapter 11 Trustee. Plaintiff-Appellant William F. Holdner is the debtor's President and a director. He also owns approximately 22% of the debtor's stock.

On December 20, 2016, Holdner appealed the Bankruptcy Court's December 7, 2016 Confirmation Order to this Court. Briefing on the appeal is ongoing. On December 23, 2016, Holdner filed a motion entitled "Motion for Restriction on the Acquisition and/or Transfer of Data System, Inc. Stock," ECF 4. On January 3, 2017, he filed another motion, this one entitled "Motion for Expedited Hearing and/or Stay," ECF 10. I ordered expedited briefing on the two

2 - OPINION & ORDER

motions. Having considered Holdner's motions, the responses to the motions filed by Trustee Mitchell and Interested Party Richard Kreitzberg, Holdner's reply, as well as Holdner's opening brief on the merits of the appeal, I deny the motions.

I. Motion to Restrict the Acquisition and/or Transfer of Data Systems's Stock

In this motion, Holdner refers to a pending case in this Court, currently assigned to Judge Simon, in which debtor Data Systems has sued Kreitzberg and his affiliated company RAK Investments, LLC. See U.S. Dist. Court No. 3:16-cv-00110-SI ("the 16-110 case"). The Bankruptcy Court explained in its December 6, 2016 Memorandum Opinion, Bankr. ECF 210, that Kreitzberg owns 39% of Data Systems's stock and in March 2015 had filed a shareholder's derivative suit in Multnomah County Circuit Court on behalf of Data Systems, challenging an agreement signed by Holdner to sell Data Systems's main office property. The Circuit Court entered a preliminary injunction preventing Holdner from selling any of Data Systems's property without first taking certain required actions. As described by the Bankruptcy Court, on the eve of a hearing before the Circuit Court on Kreitzberg's request for further injunctive relief, Data Systems filed its Chapter 11 petition, staying the Circuit Court litigation.

Meanwhile, in January 2016, Data Systems filed the 16-110 case against Kreitzberg and RAK Investments. There, Data Systems alleges that Kreitzberg wrongfully and fraudulently attempted to gain control over Data Systems by making a tender offer to purchase shares of Data Systems's common stock for $7.00 per share. That case is currently stayed because of Data Systems's bankruptcy petition.

In support of the motion seeking to restrict the acquisition and transfer of stock, Holdner refers to the 16-110 case and summarizes the allegations there as contending that Kreitzberg and

RAK Investments violated the Securities Exchange Act of 1934 by making a "tender offer." Mot. for Restriction 1.  He states that in the 16-110 case, he has requested that such stock purchases be rescinded.  Id.  He then moves for an order further restricting the defendants or any agent in the buying, selling, trading, or transferring of Data Systems's stock until the issues in the case have been finally adjudicated.  Id. at 1-2.

The motion is denied because it is directed to parties in a different case.  The case in which Kreitzberg and RAK Investments appear, 16-110, is not assigned to me.  Currently, Judge Simon has stayed the 16-110 case.  Moreover, Holdner filed the identical motion in the 16-110 case and Judge Simon has denied it.  See No. 3:16-cv-00110-SI, ECF 8.

II.  Motion for Expedited Hearing and/or Stay

In this motion, Holdner seeks an expedited hearing, presumably on the merits of his appeal, "and/or" a stay of all bankruptcy proceedings.  Mot. for Exp. Hearing 1.  The rest of the motion is somewhat unclear but he seems to suggest that without a stay, the due process rights of Data Systems's minority shareholders will be violated.  Id.  He also makes unclear references to a plan of liquidation under which shareholders would receive at least $9.55 per share and some unspecified proposed change in corporate tax rates by the "new Federal Administration[]" under which the dividend distribution would exceed $11 per share.  Id.

In a January 4, 2017 Order, I construed this motion as a motion to stay the Bankruptcy Court's December 7, 2016 Confirmation Order pending appeal.  I deny the motion because Holdner failed to first seek a stay from the Bankruptcy Court, shares of stock have already been sold under the Reorganization Plan, and Holdner has failed to meet his burden of showing that a stay is warranted.

4 - OPINION & ORDER

Bankruptcy Rule 8007 requires a party seeking a stay pending appeal to first move in the Bankruptcy Court for such relief.  Fed. R. Bankr. P. 8807(a)(1)(A) ("Ordinarily, a party must move first in the bankruptcy court for the following relief:  (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal").[1]  Cases from around the country routinely deny motions seeking a stay directly from the district court without having first sought relief in the bankruptcy court.  E.g., In re Rivera, No. 5:15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked.").  As the Southern District of New York explained, "[t]he reason for requiring that the initial application be made to the Bankruptcy Court is obvious . . .. [t]he reviewing court should have the benefit of the learning of the lower court [.]"  Five Mile Capital Partners, LLC v. MSR Resort Golf Course, LLC (In re MSR Resort Golf Course, LLC), No. 11-10371 (SHL), 2013 WL 766166 (S.D.N.Y Feb. 26, 2013); see also Zahn Farms v. Key Bank of N.Y. (In re Zahn Farms), 206 B.R. 643, 645 (B.A.P. 2nd Cir. 1997) ("Having elected not to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency.").  One court has suggested that when a party "improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter."  In re Taub, 470 B.R. 273, 276 (E.D.N.Y. 2012).

In this case, the Bankruptcy Court conducted a confirmation hearing and took testimony

---

[1]  Although the appellant may request a stay of a bankruptcy court order directly from the district court without first having sought relief from the bankruptcy court, the appellant must show that moving first in the bankruptcy court would have been impractical and must provide legal arguments, evidence, and citations to the record in support.  Fed. R. Bankr. P. 8007(a)(2)(A), (a)(3).  Holdner has done none of these required actions.

5 - OPINION & ORDER

from several witnesses.  The Bankruptcy Court issued a twenty-one page decision in support of its Confirmation Order.  It is intimately familiar with the debtor, the parties, and the requirements of the Reorganization Plan.  Holdner failed to first seek a stay from the Bankruptcy Court as required under Bankruptcy Rule 8007 and he has failed to establish the requirements for bypassing that requirement.  Thus, the motion to stay is not properly before me.

Alternatively, as Mitchell explains, the Reorganization Plan's proposed sale of 170,000 shares of Data Systems's stock has already occurred.  Pursuant to the Reorganization Plan, Mitchell filed and served a Notice of Right to Submit Bid to Purchase Shares of Data Systems, Inc.  Bankr. ECF 212.  Holdner did not submit a bid for the Data Systems's shares.  The Bankruptcy Court then entered a December 21, 2016 Order Authorizing Issuance and Sale of Common Stock.  Bankr. ECF 226.  This Stock Sale Approval Order formally authorized Trustee Mitchell to cause Data Systems to issue and sell 170,000 shares of newly-issued shares of common stock to Kreitzberg, at $7.00 per share.  Id.  The Stock Sale Approval Order was entered after Holdner filed his appeal of the Confirmation Order.  Notably, the Stock Sale Approval order acknowledged the appeal but authorized the sale anyway:  "Notwithstanding the pending appeal, the Confirmation Order remains effective and the Trustee may proceed with implementation of the Plan as approved by the Court."  Id. at 2 n.2.

Because of the Stock Sale Approval Order, any request to stay the Confirmation Order's provisions regarding the issuance and sale of the 170,000 shares to Kreitzberg is moot.  Moreover, I agree with Trustee Mitchell that any request to stay the provisions of the Confirmation Order regarding prospective share transfers is also best described as moot because the Stock Sale Approval Order explicitly authorizes the transfer of shares in full acknowledgment

of the pending appeal of the Confirmation Order.  As Mitchell puts it, even if the Confirmation

Order is stayed, the Stock Sale Approval Order, itself a final order, authorizes the transfer of

shares pursuant to the Reorganization Plan.

Finally, even if I considered the merits of the stay motion, I deny it.  The decision to grant

or deny a stay pending appeal of a bankruptcy court's order lies in the discretion of the district

court.  WCI Cable, Inc. v. Alaska R.R. Corp., 285 B.R. 476, 478 (D. Or. 2002) (citing In re First

S. Sav. Ass'n, 820 F.2d 700, 709 (5th Cir. 1987)).  The standard applied is similar to the one used

when deciding whether to grant a preliminary injunction.  Id. (citing Lopez v. Heckler, 713 F.2d

1432, 1435 (9th Cir.), rev'd on other grounds, 463 U.S. 1328 (1983)).  Thus, the court must

consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on

the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether

issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies.  See Nken v. Holder, 556 U.S. 418, 426 (2009).  "The first two

factors . . . are the most critical."  Id.  However, a failure on any one factor "dooms the motion."

In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (internal quotation marks omitted).  "Moreover,

because a stay pending appeal is an extraordinary remedy, the court must examine the factors

with obligatory restraint."  Rivera, 2015 WL 6847973, at *2.

Holdner fails to establish a likelihood of success on the merits.  His motion is conclusory,

absent of facts, and provides no legal argument to support his position that the Bankruptcy Court

erred in its Confirmation Order.  The Bankruptcy Court considered and rejected many of

Holdner's arguments in opposition to the Reorganization Plan and Holdner articulates no basis in

this motion for why he will prevail in his appeal.

7 - OPINION & ORDER

Moreover, I reviewed Holdner's "Memorandum in Support of Review of Confirmation of Plan," ECF 7, in conjunction with the stay motion.[2]  While Holdner makes certain arguments in support of his appeal which this Court will review in full after the completion of all briefing, those arguments do not establish, for the purposes of a stay, a likelihood of success on the merits. Holdner also fails to establish any harm he will suffer in the absence of a stay.  In contrast, according to Trustee Mitchell, staying the Confirmation Order would cause harm and confusion for other parties in interest.  As noted above, 170,000 shares of new stock have already been issued and paid for.  Notices regarding the right to sell shares have already been served to the appropriate entities.  Although a stay could halt a second round of stock sales, given the notices that have already been issued, Trustee Mitchell believes such a stay would cause tremendous confusion.  Finally, at this point and without more from Holdner, public interest does not favor a stay.  The Reorganization Plan hinges on the already-completed sale of the newly-issued 170,000 shares of stock to Kreitzberg which provided the funds to pay creditors' claims and administrative costs of the case.  The public interest is served by recognizing the finality of that sale.  See, e.g., Thomas v. Namba (In re Thomas), 287 B.R. 782, 784 (B.A.P. 9th Cir. 2002) (referring to the "perceived special need for finality in bankruptcy sales").

Because Holdner failed to first seek a stay with the Bankruptcy Court, because the issues apparently raised in the motion for stay are moot, and because Holdner fails to demonstrate that

---

[2]  In his reply, Holdner suggests that Trustee Mitchell has failed to respond to his Memorandum in support of his appeal.  But, this Court's scheduling order allows the appellee thirty days after the filing of the appellant's opening brief, to respond.  ECF 6.  Holdner's opening brief was filed December 29, 2016, making appellee's response due no later than January 29, 2017.  Because that date is a Sunday, the response is due January 30, 2017.  Holdner, as appellant, then has fourteen days to reply.

8 - OPINION & ORDER

he is entitled to a stay on the merits, the motion is denied.

CONCLUSION

The Motion for Restriction on the Acquisition and/or Transfer of Data Systems, Inc.

Stock [4] and the Motion for Expedited Hearing and/or Stay [10] are denied.

IT IS SO ORDERED.

Dated this ____23____ day of ____January____, 2017

Marco A. Hernandez
United States District Judge

9 - OPINION & ORDER